IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| U-SAVE AUTO RENTAL OF AMERICA, INC., ET AL. § § § | | PLAINTIFFS |
| v. § § | | CAUSE NO. 1:02CV689GuRo |
| KEN MOSES, ET AL. § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT USI OF CALIFORNIA
INSURANCE SERVICES, INC.'S MOTION TO DISMISS**

THE MATTER BEFORE THE COURT is Defendant USI of Southern California Insurance Services, Inc.'s Motion to Dismiss [273], filed December 22, 2005. Plaintiffs have filed their response, and the Defendant a rebuttal. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Motion should be denied.

DISCUSSION

Defendant USI of Southern California Insurance Services, Inc. ("USI") is a California corporation recently made a party to this lawsuit by Plaintiffs' Second Amended Complaint, filed December 9, 2005. A full recitation of the facts and procedural history of this case can be found in the Court's memorandum opinion and order filed January 6, 2005 [92]. In this Motion to Dismiss, USI contends that the allegations of the second amended complaint are insufficient to state a clam against it pursuant to FED. R. CIV. P. 12(b)(6) and challenges the Court's jurisdiction under FED. R. CIV. P. 12(b)(2).

THE SUFFICIENCY OF PLAINTIFFS' ALLEGATIONS:

The Defendant does not specify which of the eleven counts of the second amended complaint it believes are insufficiently pled. Only Count Six names USI; a claim of "tortious

interference with contract; aiding and abetting." In that Count, the Plaintiffs allege that USI, through its employee Jeff Jones and others, "induced and/or aided and abetted Defendant Rental Industry Services, Inc. to breach the contract." (Complaint, para. 40).

The factual allegations contained in the second amended complaint include that during a phone call to one of the Plaintiffs, "Jones said that they were 'very disappointed' and asked what U-Save intended to do about the non-compete agreement." (Complaint, para. 11). Jones also allegedly said that "under his reading of the Agreement Plaintiffs had violated the Agreement," (Complaint, para. 12) and "Jones then asked [Plaintiff] 'Give us twenty four hours' to decide and respond 'how we go forward with this relationship.'" (Complaint, para. 14). Jones and others are then alleged to have embarked on a concerted plan to misappropriate the Plaintiffs' trade secrets in violation of the contract at issue in this case. (Complaint, para. 15, 16).

It is uncontested that Jones was an employee of USI of Southern California Insurance Services, Inc. However, because Jones was also chairman of another Defendant in this case, USI Rental Specialties, USI contends that Jones' involvement in the case arises only out of his role as chairman of USI Rental Specialties. In the Court's opinion, this is a factual conclusion which does not entitle USI to dismissal under Rule 12(b)(6). *See Crowe v. Henry*, 43 F.3d 198 (5th Cir. 1995) (Motion to dismiss action for failure to state claim admits facts alleged in complaint, but challenges plaintiff's right to relief based upon those facts). The Plaintiffs' allegations are sufficient to allow them to go forward with their claims against USI.

PERSONAL JURISDICTION:

USI next argues that Mississippi's long-arm statute does not allow the Court to assert jurisdiction over it because it is a California corporation with no Mississippi contacts of any kind,

attaching the affidavit of Willis Lau, USI Executive Vice President. (Defendant's Ex. "F"). The Plaintiffs bear the burden of establishing the Court's jurisdiction over this nonresident Defendant. *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir.1994).

A federal district court sitting in diversity may exercise personal jurisdiction only to the extent permitted a state court under applicable state law. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997) (citations omitted). "The state court or federal court sitting in diversity may assert jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." *Allred*, 117 F.3d at 281 (citations omitted). Therefore, first, the law of Mississippi must provide for the assertion of such jurisdiction; and, second, the exercise of jurisdiction under Mississippi state law must comport with the dictates of the Fourteenth Amendment Due Process Clause. *Smith v. DeWalt Products Corp.,* 743 F.2d 277, 278 (5th Cir. 1984).

    A.    THE MISSISSIPPI LONG-ARM STATUTE:

Mississippi's long-arm statute provides in relevant part:

> Any nonresident ... corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss.Code Ann. § 13-3-57.

The Plaintiffs assert that their claims against USI fall squarely within the tort prong of the

long-arm statute because USI interfered with the contractual relations of U-Save, a Mississippi resident.  In construing the tort prong, the Mississippi Supreme Court has held that personal jurisdiction over a defendant who allegedly committed a tort is proper if any of the elements of the tort--or any part of an element--takes place in Mississippi.  *Smith v. Temco, Inc.,* 252 So.2d 212 (Miss. 1971).

      USI argues that by stating Count Two in terms of the "Defendants" the Plaintiffs have not specified that it is Defendant USI that is alleged to have committed tortious acts.  The Court does not agree that it would be an unwarranted deduction of fact to interpret "Defendants" as meaning each Defendant, including USI.  *See Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992) (Unwarranted deductions of fact are not admitted as true by motion to dismiss).  Moreover, Plaintiffs have made allegations directly against USI in Count Six of the Second Amended Complaint.  For these reasons, the Court concludes that it may properly assert personal jurisdiction over USI pursuant to Mississippi's long-arm statute.

      B.      THE REQUIREMENTS OF DUE PROCESS:

      The Court must also examine whether its assertion of jurisdiction over USI comports with due process.   Several factors should be examined in evaluating due process, including: (1) the burden upon the nonresident defendant in defending an action within the jurisdiction; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the interstate system's interest in obtaining the most efficient resolution of controversies and (5) the shared interest of the several states in furthering fundamental substantive social policies.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  In analyzing these factors, courts generally consider whether the named defendants had sufficient minimum contacts with the forum state.  *Id.*  "Each

defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984).

The same factual allegations the Court considered in determining the applicability of Mississippi's long-arm statue also show sufficient minimum contacts with Mississippi, as those contacts arise from or are directly related to the cause of action asserted against USI. *Madami Intern., LLC v. Dinli Metal Indus. Co., Ltd.* 276 F.Supp.2d 586, 589 (S.D. Miss. 2002), citing *Allred v. Moore & Peterson,* 117 F.3d 278, 286 (5th Cir.1997). In weighing the factors above, the Court finds significant the fact that Defendant USI is closely related to another Defendant, USI Rental Specialties, which has been a party to this lawsuit since its inception in 2002, mitigating the burden on USI. More importantly, the allegations against USI are intertwined with the allegations against the other Defendants in this case. It would be inefficient to require Plaintiffs to pursue their claims against USI in another forum. For these reasons, the Court concludes that its assertion of jurisdiction over USI comports with the due process clause of the Fourteenth Amendment.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant USI of Southern California Insurance Services, Inc.'s Motion to Dismiss [273] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 27th day of January, 2006.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE